IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CR3035 |
| | ) | |
| v. | ) | |
| | ) | |
| JUAN MENDEZ, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

On June 25, 2007 the defendant's motion for a hearing pursuant to 18 U.S.C. § 4241 was granted, and he was remanded to the custody of the Attorney General for a competency examination at a Federal Medical facility. Filing 13. On August 28, 2007 the court granted the facility an extension of time in which to completed its evaluation and submit a report to the court. Filing 15. Said report was received by the court on September 24, 2007 and copies were provided to counsel. See Filing 17. A hearing on the defendant's competency to stand trial was held October 9, 2007, at the conclusion of which I determined that the defendant was incompetent to stand trial. I remanded him to the custody of the Attorney General to treatment pursuant to 18 U.S.C. § 4241(d) for a reasonable time not to exceed four months "to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the competency to permit the proceedings to go forward." Filing 20.

The court received and filed under seal the requested report of the Federal Medical Center in Butner, North Carolina on March 28, 2008 (although the cover letter and report are dated February 27, 2008 and February 28, 2008, respectively). Filing

23.  The report concludes that the defendant remains not competent to proceed to trial.  The report also states that in the opinion of the examining psychologist and psychiatrist Mr. Mendez could be restored to competency if he is involuntarily administered psychotropic medications.  The report requests court oversight in determining whether such a course should be taken, as required by Sell v. United States, 539 U.S. 166 (2003).  See also United States v. Dallas, 461 F. Supp. 2d 1093 (D. Neb. 2006).

18 U.S.C. § 4241(d)(2)(B) contemplates that the court's obligation to commit the defendant to the Attorney General would end if the charges are "disposed of according to law."  Since the government has to date not indicated that it intends to dismiss the pending charges, subsection (d)(2)(A) requires that the court determine whether if the defendant is hospitalized for an "additional reasonable period of time," there is a "substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward[.]"  If there is not, or if after such additional hospitalization the defendant has not regained competency to stand trial, he becomes subject to the provisions of 18 U.S.C. § 4246.  Either way, an evidentiary hearing must be held to determine the appropriateness of such additional hospitalization combined with involuntarily medicating Mr. Mendez with psycotropic medications to restore his competency to stand trial.

IT THEREFORE HEREBY IS ORDERED,

Pursuant to 18 U.S.C. § 4241(d),

1.  A hearing will be held before the undersigned on May 22, 2008 at 9:00 a.m. to determine whether the defendant should be involuntarily administered psychotropic medications with the purpose of restoring his competency to stand trial.

  2. The defendant shall be present at such hearing.

  3. The United States Marshal shall transport the defendant to such hearing.

  DATED this 18th day of April, 2008.

        BY THE COURT:

        s/ *David L. Piester*
        David L. Piester
        United States Magistrate Judge